# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4327 | **DATE** | 8/21/2001 |
| **CASE TITLE** | MARIE McCULLUM, et al vs. SILVER CROSS HOSPITAL, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies the Silver Cross Defendants' motion to dismiss Count II of the second amended complaint [34-1]; grants the Silver Cross Defendants' motion to dismiss Stephen McCullum as a plaintiff with respect to Counts I and II [34-2]; and grants Kawadry's motion to dismiss Count II of the second amended complaint [38-1]. Bassam Kawadry is hereby terminated as a party. Therefore, only Counts I and II remain, with Marie McCullum as sole plaintiff and Silver Cross Hospital, Lindenmulder, and Quillman as the only remaining defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 2 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | AUG 2 2 2001 | |
| | | 01 AUG 21 PM 2:35 | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIE McCULLUM, and<br>STEPHEN McCULLUM,<br><br>    Plaintiffs<br><br>v.<br><br>SILVER CROSS HOSPITAL,<br>BASSAM KAWADRY, MD., Individually,<br>JOHN LINDENMULDER, R.N., and<br>PATRICIA P. QUILLMAN, R.N.,<br><br>    Defendants. | Case No. 99 C 4327<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

On July 11, 1999, Plaintiffs Marie and Stephen McCullum filed a *pro se* complaint seeking to recover damages against Defendants Silver Cross Hospital, John Lindenmulder, R.N., Patricia P. Quillman, R.N. ("Silver Cross Defendants"), and Bassam Kawadry, MD. ("Kawadry") pursuant to Title 42 U.S.C. § 1981(a) ("section 1981"). On February 22, 2001, plaintiffs, by and through their attorneys, filed a Second Amended Complaint against defendants adding a second count pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. In response, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) the Silver Cross Defendants filed a motion to dismiss Count II of the Second Amended Complaint and to dismiss Mr. McCullum as a plaintiff with respect to Counts I and II. In addition, Defendant Kawadry filed a Rule 12(b)(6) motion to dismiss Count III of the Plaintiffs' Second Amended Complaint, and to dismiss Mr. McCullum as a plaintiff as to Count III. For the following reasons, the Silver Cross defendants' motion to dismiss is denied with regard to

dismissing Count II in its entirety and granted with regard to dismissing Mr. McCullum as a plaintiff in Counts I and II. Defendant Kawadry's motion to dismiss Count III is granted, and Kawadry is hereby terminated as a party.

## FACTS

Marie and Stephen McCullum, who are African Americans, presented to the Emergency Room at Silver Cross Hospital at 11:45 p.m. on July 4, 1997, seeking medical care for Marie McCullum and her unborn child. She allegedly informed agents of the hospital that she was suffering from abdominal pains and had a high-risk pregnancy. Marie McCullum claims that she was left unattended from approximately 11:50 p.m. until 3:00 a.m. July 5, 1997, upon which time her water broke. During this time, the McCullums state that a pregnant white female, who arrived approximately two hours after the McCullums, received immediate medical attention. The McCullums further allege that at 4:00 a.m. defendant Kawadry took Marie McCullum's medical history but failed to conduct a physical exam. The McCullums' baby died on July 5, 1997.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), the court must view all well pleaded facts as true and view all allegations in a light most favorable to the plaintiff. See *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 824-25 (7th Cir. 1999). In reviewing a motion to dismiss, the court tests the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The motion will be granted if "it

appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

I. **Silver Cross Defendants**

Count II of the Second Amended Complaint was filed pursuant to EMTALA, 42 U.S.C. § 1395dd, which requires that the patient: 1) went to the emergency room at the participating hospital; 2) requested treatment for a medical condition; and the hospital either 3) failed to screen the patient as to determine the extent of the condition; or 4) transferred or released the patient before adequately stabilizing the condition. 42 U.S.C.A. § 1395dd. The Silver Cross Defendants argue that the plaintiffs' claim is not timely and thus is barred by the statute of limitations, therefore it is not necessary to discuss whether plaintiffs' theory of relief is appropriate.

Rule 15(c)(2) provides that an amended complaint will relate back to the date of the original complaint so long as the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" FED. R. CIV. P. 15(c)(2). This circuit has held that relation back is permitted when "an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bailors v. Prudential Ins. Co. of Amer.,* 93 F.3d 372, 379 (7th Cir. 1996). "For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *See id.*

In the present case, the Silver Cross Defendants argue that plaintiffs' EMTALA action does not arise from the same core set of operative facts as the original complaint. The Court disagrees. The Silver Cross Defendants' argument focuses on the legal theories of relief asserted

3

in the two claims. Although plaintiffs pray for relief pursuant to section 1981 in the original complaint and pursuant to EMTALA in the Second Amended Complaint, both claims arise from the same occurrence, *i.e.*, plaintiffs' alleged failure to receive treatment at Silver Cross Hospital. The Silver Cross Defendants' argument that the EMTALA claim does not relate back is based on their misunderstanding of the application of Rule 15(c). Relation back has been permitted when new claims filed after the statute of limitations change the legal theory on which the plaintiff seeks relief, but stem from the same occurrence as the original complaint. *See Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 884 (7th Cir. 1993). Therefore, the Court denies the Silver Cross Defendants' motion to dismiss Count II of the Second Amended Complaint.

Because plaintiffs admit that Stephen McCullum is not a proper party to the lawsuit, it is not necessary to address the Silver Cross defendants' argument in support of dismissing him as a plaintiff. Therefore, the Silver Cross Defendants' motion to dismiss Stephen McCullum as a plaintiff with respect to Counts I and II is granted.

## II. Defendant Bassam Kawadry

In Count III of the Second Amended Complaint, plaintiffs allege that Kawadry violated section 1981. On June 30, 1999, plaintiffs, acting *pro se*, filed a single-count complaint against the Silver Cross Defendants and Kawadry, which was never served upon the Defendant Kawadry. Plaintiffs hired a process server to serve process and they failed to discover that Kawadry had not been served. After obtaining counsel, plaintiffs were granted leave to file an amended complaint, which was done so on October 5, 1999, without knowing that the original complaint was never served upon Kawadry. Plaintiffs then filed a second amended complaint on

4

February 21, 2001, which was subsequently served on Kawadry by waiver on March 20, 2001. It is Count III of the Second Amended Complaint that Kawadry moves to dismiss. Kawadry correctly argues that the Second Amended Complaint is barred by the statute of limitations because the original complaint should have been dismissed due to the failure to serve process, thus there is nothing for the amended complaint to relate back to.

Rule 4(m) provides that a complaint must be served upon the defendant within 120 days of filing or the court "shall" by motion or *sua sponte* after notice to the plaintiff, "dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]" FED. R. CIV. P. 4(m). The original complaint was filed within the statute of limitations and the second amended complaint arose out of the same occurrence as the original complaint, therefore there is no issue under Rule 15(c) and the Second Amended Complaint should relate back. *See Mitchell v. Fairman*, No. 95 C 3648, 1997 WL 224990, at *5 (N.D. Ill. Apr. 29, 1997). However, when a defendant is not served within the 120-day time limit, the failure to serve process is not a relation back issue, but an issue under Rule 4(m). *See id.*

If the defendant does not receive service of summons within 120 days after the filing of the complaint, the court "shall" dismiss the action or direct that service be effected. FED. R. CIV. P. 4(m). When determining whether or not the complaint should be dismissed, the court "must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court shall extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

In this case, plaintiffs were never granted an extension of time to serve the complaint, however the court must still examine whether or not the plaintiffs can demonstrate good cause.

5

Kawadry argues that this case is analogous to *Scott v. Guarantee Reserve Life Ins. Co.*, No. 95 C 6622, 1998 WL 177954, at *5 (N.D. Ill. Apr. 7, 1998), which held that by failing to serve the original complaint the plaintiff violated Rule 4(m). Plaintiffs contend that their *pro se* status should be considered when assessing their failure to serve process, citing the *Scott* case and *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). However, the Seventh Circuit has held that a *pro se* litigant's ignorance of the 120-day time limit does not establish good cause under Rule 4. *See Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 782 (N.D. Ill. 1998) (citing *Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995)); *see also Downs*, 78 F.3d at 1257 ("[P]ro se litigants are not entitled a general dispensation from the rules of procedure . . . ."). In this case, plaintiffs give no other reason as to why they chose not to follow up with the process server to ensure that process was served. "[N]either inadvertent failure to serve a defendant within the statutory period nor half-hearted efforts to serve a defendant establish good cause." *Scott*, No. 95 C 6622, 1998 WL 177954, at *3. Therefore this Court finds that plaintiffs have failed to show good cause under Rule 4.

Even if no good cause is shown, the court has the discretion to "either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340. The Court, in its discretion, holds that dismissal of the action against Kawadry is appropriate and that an extension is unwarranted. "Rule 4(m) establishes a rule, not a standard. When a statute or rule sets a time limit, even one day's tardiness can be fatal." *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996) (citing *United States v. Locke*, 471 U.S. 84, 105 (1985)). The language of Rule 4(m) is clear and easily understandable, even to *pro se* plaintiffs. Further, this case simply does not present the kind of reasons that would justify the Court's leniency

absent good cause shown.

Given that the Second Amended Complaint with regard to Kawadry is barred by the statute of limitations, it is not necessary to discuss Kawadry's argument that plaintiffs fail to allege a proper cause of action. The Second Amended Complaint as to Kawadry is barred by the statute of limitations and Count III is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court: (1) denies the Silver Cross Defendants' motion to dismiss Count II of the Second Amended Complaint [docket no. 34-1]; (2) grants the Silver Cross Defendants' motion to dismiss Stephen McCullum as a plaintiff with respect to Counts I and II [docket no. 34-2]; and (3) grants Kawadry's motion to dismiss Count III of the Second Amended Complaint [docket no. 38-1]. Bassam Kawadry is hereby terminated as a party. Therefore, only Counts I and II remain, with Marie McCullum as sole plaintiff and Silver Cross Hospital, Lindenmulder, and Quillman as the only remaining defendants.

**SO ORDERED**  **ENTERED:** AUG 2 1 2001

HON. RONALD A GUZMAN
**United States Judge**